# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

February 20, 2007

## LETTER OPINION
## ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

Re:    **PATRIOT AVIATION, LLC v. THE STATE OF NEW JERSEY et al.**
       **No. 05-5640**

Dear Parties,

On September 14, 2006, the Court held a hearing on a motion to dismiss filed by Defendants State of New Jersey, Department of Transportation, (the "State"), Richard Gimello ("Gimello"), Deputy Attorney General Laura Eytan ("Eytan"), and Greg McDonough ("McDonough").  After the hearing, the Court determined that it was appropriate to treat Defendants' motion as a motion for summary judgment, and permitted the parties to file supplemental papers consistent with Fed. R. Civ. P. 56.  Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56.  For the following reasons, Defendants' motion is granted.

## I.    Background

Patriot Aviation LLC ("Patriot") is a limited liability company organized under the laws of the State of New Jersey with its principal place of business located in Lumberton, New Jersey. The New Jersey Department of Transportation ("NJDOT") is a public department of the State of New Jersey.  The NJDOT Division of Aeronautics is a public agency operating under the authority of the Department of Transportation.  Gimello is the Executive Director of NJDOT/Intermodal Services and has authority over the NJDOT, Division of Aeronautics.  Eytan is a Deputy Attorney General, with her principal office at State of New Jersey, Office of Attorney General, Department of Law and Public Safety.  McDonough is an employee of NJDOT.

On January 1, 2004, Patriot executed a three year contract, or operating agreement, with Aviation Industrial Realty Corporation ("AirCorp") to operate and maintain the South Jersey Regional Airport ("SJRA" or "the airport"). This was the second contract that Patriot entered into with the airport.  The first contract was effective June 1, 2003 and was for a 30 year term.  Patriot agreed to the reduced term in the second contract in return for AirCorp's undertaking to perform additional responsibilities.  Under the contract, Patriot was entitled to collect all revenues and rents generated by the airport, and in exchange, Patriot was required to pay AirCorp $7,500 per

month.  In February of 2004, the State purchased the airport from AirCorp subject to the remainder of Patriot's contract with AirCorp.

In May 2004, Patriot began abating payment to the State to recoup amounts it paid for repairs that it alleges were the State's responsibility.  In February of 2005, the State demanded that Patriot provide all of its books, financial records, and tax returns to the Department of Transportation, Division of Aeronautics, and submit to a comprehensive business audit. On March 9, 2005, Patriot filed an Order to Show Cause and Verified Complaint in the Superior Court of New Jersey, Burlington County, seeking to prevent the State from auditing the airport operating records and from terminating Patriot's operating agreement.  The Honorable Ronald E. Bookbinder, J.S.C., Chancery Division, held hearings and case management conferences on March 16, 2005, March 18, 2005, April 20, 2005, April 29, 2005 and May 5, 2005.  Judge Bookbinder did not enjoin the State from terminating the operating agreement.  By letter dated March 16, 2005, the State terminated its contract with Patriot for Patriot's failure to pay the required monthly fee and to remit arrears for 2004 and 2005.

Ultimately, Patriot voluntarily dismissed the proceeding before Judge Bookbinder. Patriot filed a four-count complaint against Defendants in this Court on November 28, 2005. The First Count of Plaintiff's First Amended Complaint alleges that the State terminated Patriot's leasehold interest in the SJRA without due process of law because the State did not institute an action for condemnation or otherwise pursue lawful means of termination and did not pay just compensation to Patriot.  The Second Count alleges that the State breached its contract with Patriot.  The Third Count alleges that the State breached its obligations of good faith and fair dealing.  The Fourth Count alleges that the State refused to return the personal property of Patriot and its employees, sold some of this personal property, and used or consumed numerous items of Patriot's personal property without permission from Patriot or compensating Patriot, which constituted the conversion of Patriot's property.

## II.     Standard of Review

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are critical or "material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party.  *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial.  *Id.* at 324.  In so presenting, the non-moving party may not simply rest

2

on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III.   Legal Discussion

The Court finds that summary judgment must be granted to the Defendants dismissing Plaintiff's complaint in its entirety. The First Count, which alleges a violation of 42 U.S.C. § 1983, must be dismissed against the State because the State and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

The First Count must also be dismissed as to Defendants Gimello, Eytan, and McDonough in both their individual and official capacities. To state a claim under § 1983, Plaintiff must establish that it was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of state law. 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Plaintiff contends that Defendants terminated its "lease" without due process of law. The Court finds, however, that the agreement between Patriot and the State was not a lease, but rather, was an agreement to operate and maintain the airport. Although the Court recognizes that as part of the operating agreement, it was necessary for Patriot to be on the airport premises, the Court concludes that Patriot did not have a property right that entitled it to due process. *See Kovats v. Rutgers,* 749 F.2d 1041, 1047 (3d Cir. 1984) (stating that in the absence of a property interest, there can be no valid due process claim). Additionally, according to the certification of Eytan, Judge Bookbinder made clear that the State was entitled to terminate the agreement and assume control of the operation of the airport. (Certification of Laura Eytan, Exhibit M.). Therefore, the Court finds as a matter of law that Plaintiff has failed to establish a violation of a federal right as required by 42 U.S.C. § 1983 and accordingly grants summary judgment to Defendants on Count I of Plaintiff's complaint.

Additionally, the Court finds that the Second, Third, and Fourth Counts must be dismissed against the State because the State has not waived its sovereign immunity under the Eleventh Amendment. The Eleventh Amendment grants states immunity from suits by private parties. It provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity,  commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment has

been extended to encompass actions instituted in federal court against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). It is well settled that, absent a clear waiver by a state of its Eleventh Amendment immunity or congressional abrogation of that immunity, a federal court lacks jurisdiction to hear claims brought by a private party against a state. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). The Eleventh Amendment's bar also extends to suits brought against departments or agencies of the state. *Mount Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

Plaintiff argues that the State has waived its Eleventh Amendment immunity by enacting the New Jersey Contractual Liability Act. However, the Supreme Court has explained that "in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990) (emphasis in original). Although the New Jersey Contractual Liability Act contains a waiver of sovereign immunity, it does not expressly provide that this waiver applies in federal court. Therefore, the Second, Third, and Fourth Counts must be dismissed against the State.

Defendants also argue that the individual Defendants are entitled to qualified immunity against all damage claims filed by Plaintiff. The good faith qualified immunity doctrine protects government officials from liability for civil damages which do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Before a court even addresses a claim of qualified immunity, however, it should first determine whether the facts alleged by the plaintiff constitute a violation of a constitutional right at all. *Paff v. Kaltenbach*, 204 F.3d 425, 430 (3d Cir. 2000). As explained above, the Court finds, as a matter of law, that Defendants did not violate Plaintiff's constitutional rights. Thus, it is unnecessary for the Court to consider whether the individual Defendants are entitled to qualified immunity.

Finally, the Court declines to exercise supplemental jurisdiction over Counts Two, Three, and Four of the complaint. Counts Two, Three, and Four are grounded in state law. Because the Court finds that Plaintiff has failed to establish a violation under 42 U.S.C. § 1983 and therefore dismisses Count I, there is no basis for this Court's jurisdiction over the remaining counts. Thus, the Court will not exercise supplemental jurisdiction of Plaintiff's state law claims.

## IV.    Conclusion

Thus, for the foregoing reasons, the Court grants Defendants' motion for summary judgment dismissing Plaintiff's complaint in its entirety. This matter is hereby closed. An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J

4